IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § § | |
| § | **CASE NUMBER 6:13-CR-00055-JCB-** |
| **v.** § | **JDL** |
| § § § | |
| **JORGE ALBERT MENDOZA-ABOYTES** § § | |

### REPORT AND RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

On February 4, 2025, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Jorge Albert Mendoza-Aboytes. The government was represented by Dustin Farahnak, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jon Hyatt, Federal Public Defender.

Defendant originally pled guilty to the offense of Felon in Possession of a Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on total offense level 31 and criminal history category of VI, was 188 to 235 months. Because the court found that Defendant's criminal history category was over-represented, the court downwardly departed to a criminal history category of V. The guideline range for a criminal history category of V was 168 to 210 months, which is higher than the statutorily authorized maximum sentence of 120 months. On April 2, 2014, U.S. District Judge Michael H. Schneider of the Eastern District of Texas sentenced Defendant to 120 months imprisonment, followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure; substance abuse aftercare; mental

1

health aftercare; and a $100.00 special assessment. On January 30, 2023, Defendant completed his period of imprisonment and began service of the supervision term. On July 17, 2024, this case was reassigned to U.S. District Judge J. Campbell Barker of the Eastern District of Texas.

Under the terms of supervised release, Defendant was required to report to the probation officer in a manner and frequency directed by the court or probation officer. In its petition, the government alleges that Defendant violated his conditions of supervised release when in June 2024 he failed to send a monthly report to the probation officer after he was instructed on January 30, 2023, to submit a monthly report between the 1st and 5th of every month.

If the court finds by preponderance of the evidence that Defendant violated conditions of supervision by failing to report to the probation officer in a manner and frequency directed by the court or probation officer, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade C violation, the court may (A) revoke probation or supervised release, or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of V, the guideline imprisonment range for a Grade C violation is 7 to 13 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade C violation of the conditions of supervision referenced above. In exchange, the government recommended to the court a sentence of 21 days imprisonment with no supervised release to follow. The government further recommended a downward departure from the advisory sentencing guidelines because Defendant has been in state custody since July 10, 2024, and the parties agreed that Defendant should receive credit for time served beginning on the date the federal detainer attached—July 24, 2024. On February 3, 2025, Defendant's state charges were dismissed and he was brought into federal

custody. Given these circumstances, although the sentence recommended by the government is below the advisory guideline range, the court finds such a downward departure appropriate.

The court therefore **RECOMMENDS** that Defendant's plea of true be accepted and that he be sentenced to 21 days imprisonment with no supervised release to follow. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 6th day of February, 2025.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE